UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD J. LAWRENCE,

       Plaintiff,

  v.                                              20-CV-0464
                                                  ORDER

MICHAEL J. KAPLAN,

       Defendant.
_____

The *pro se* plaintiff, Edward J. Lawrence, has filed a complaint asserting claims under 42 U.S.C. § 1983, Docket Item 1, but he did not pay the filing fee, nor did he submit an application to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it).

The Clerk of Court therefore shall administratively terminate this action.  If the plaintiff wishes to reopen this case, he must notify the Court in writing **within 30 days of the date of this order** and must include either (a) a properly supported motion to proceed *in forma pauperis* or (b) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total).

## DISCUSSION

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $50.00 administrative fee.[1]  *See* 28 U.S.C. § 1914; Judicial

---

[1] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court.  *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-

Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3] If an individual wishes to commence a civil action, the individual must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis* under 28 U.S.C. § 1915.

## I.   REQUIREMENTS FOR *IN FORMA PAUPERIS* APPLICATION

28 U.S.C. § 1915 establishes certain requirements that an individual must meet in order to proceed *in forma pauperis*. Those requirements are summarized below.

### A.   Supporting Affidavit or Affirmation

Under 28 U.S.C. § 1915(a)(1), an individual seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation detailing his assets and liabilities and swearing under oath that he is unable to pay the $350.00 filing fee. A motion to proceed *in forma pauperis* should be supported by such an affidavit or affirmation filed at the same time as the complaint. The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis* with supporting affirmation[4] that is designed to help *pro se* litigants (such as the plaintiff here) comply with 28 U.S.C. § 1915(a)(1).

---

conference-us. But this additional administrative fee does not apply to those who are granted permission to proceed *in forma pauperis*. *See generally id.*

[2] Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3] Available at http://www.nywd.uscourts.gov/fee-schedule.

[4] The Clerk of Court shall mail Lawrence a form motion to proceed *in forma pauperis* with supporting affirmation. The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

## II. ADMINISTRATIVE TERMINATION OF THIS ACTION

The plaintiff did not pay the $350.00 filing fee or the $50.00 administrative fee that ordinarily is required to commence a civil action.  Nor did the plaintiff submit a motion to proceed *in forma pauperis*, supported by an affidavit swearing that he is unable to pay a $350.00 filing fee, *see* 28 U.S.C. § 1915(a)(1).  Therefore, the Clerk of Court shall administratively terminate this action[5] without filing the complaint or assessing a filing fee, as ordered below.  As also ordered below, the plaintiff is granted leave to reopen this action no later than thirty days from the date of this order.

## III. DEFERMENT OF SCREENING UNDER 28 UNITED STATES CODE SECTION 1915(e)(2)

The court is required to screen civil actions filed by individuals proceeding *in forma pauperis* and dismiss them if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  Because the plaintiff did not properly commence this action, this Court will defer the screening process until this case is reopened—if, in fact, it is reopened.

---

[5] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations.  Therefore, if the case is reopened under the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed.  *See McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 163 (7th Cir. 1995).

## **ORDER**

Based on the above, it is hereby

ORDERED that the Clerk of Court shall administratively terminate this action without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court shall send to the plaintiff a form motion to proceed *in forma pauperis* with supporting affirmation; and it is further

ORDERED that if the plaintiff wishes to reopen this action, he shall so notify this Court, in writing, no later than **thirty days from the date of this order**.  This writing must include either (a) a properly supported motion to proceed *in forma pauperis*, or (b) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total); and it is further

ORDERED that upon the plaintiff's submission of either (a) a complete motion to proceed *in forma pauperis*, or (b) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total), the Clerk of Court shall reopen this case.

SO ORDERED.

Dated:   June 29, 2020
         Buffalo, New York

                                                  *Hon. Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE